Nina Rabin, AZ Bar #025246
Workers' Rights Clinic
James E. Rogers College of Law, Univ. of Arizona
1145 N. Mountain Ave.
Tucson, AZ 85719
Telephone: (520) 621-9206
Fax: (520) 626-5233
rabin@email.arizona.edu

Attorney for Plaintiff Dora Alicia Rios

**UNITED STATES DISTRICT COURT**
DISTRICT OF ARIZONA

| | |
|---|---|
| DORA ALICIA RIOS QUIHUI,<br><br>　　Plaintiff,<br><br>　　v.<br><br>YOLANDA APODACA; AVRA VALLEY ASSISTED LIVING HOME LLC; AND PAPY MCGUIRE ASSISTED LIVING HOME LLC,<br><br>　　Defendants. | Case No. _____<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND ARIZONA MINIMUM WAGE LAW |

## **INTRODUCTION**

1. This is an action by Plaintiff Dora Alicia Rios (hereinafter "Ms. Rios" or "Plaintiff") against her former employers, Yolanda Apodaca (hereinafter "Ms. Apodaca"), Avra Valley Assisted Living Home LLC, and Papy McGuire Assisted Living Home LLC, (hereinafter together referred to as "Defendants" and each a "Defendant").

2. Defendants own and operate assisted living homes at several locations in Tucson, Arizona.

3. Ms. Rios was employed at two of Defendants' assisted living homes from approximately April 2016 until June 29, 2016, as a caregiver. She worked at Defendants' assisted living homes located at the following addresses: 1621 N. Silverbell Road, Tucson, Arizona, and 202 West Fort Lowell Road, Tucson, Arizona.

4. During nearly every week of her employment with Defendants, Ms. Rios worked more than 40 hours, but she was never paid at a rate of one and one half times her hourly wage. For some weeks, she was not paid any wages at all.

5. Plaintiff brings this action in order to recover damages arising out of Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and Arizona's Minimum Wage Law, A.R.S. § 23-362, et seq.

6. Specifically, Plaintiff seeks remedies for non-payment of wages, including liquidated, compensatory and punitive damages, prejudgment interest, and costs and attorneys' fees, as provided by law.

## JURISDICTION AND VENUE

7. This complaint alleges causes of action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C § 1331. This complaint also alleges causes of action under Arizona state law that arise out of the same set of operative facts as the federal cause of action. Accordingly, this Court has supplemental jurisdiction over the state claim pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b) and (c), because Defendants conduct business in this District and because Defendants failed to pay Plaintiff wages for services performed in Arizona.

## PARTIES

9. Plaintiff Dora Alicia Rios is an individual who, at all times relevant to the instant action, was and is a resident of Pima County in the State of Arizona. Ms. Rios was employed by Defendants from approximately April 2016 until June 29, 2016, as a caregiver. She worked at Defendants' assisted living homes located at the following addresses: 1621 N. Silverbell Road and 202 West Fort Lowell Road in Tucson, Arizona. In her work as a caregiver, Ms. Rios's job duties included assisting residents with daily activities such as dressing and bathing, monitoring the residents' health, managing their medications, cooking, laundering, and cleaning the facilities.

10. Defendant Yolanda Apodaca is a natural person and resides in Pima County, Arizona. She is the owner of the assisted living homes where Ms. Rios was employed. Ms. Apodaca manages all aspects of the operations of the assisted living homes and directly supervised every aspect of Ms. Rios's employment. She set Ms. Rios's hours, told her in which location she was to work, set her wage, managed her payroll, directed the tasks she performed and the manner in which she performed them, hired her, and had the authority to terminate her employment.

11. Defendant Avra Valley Assisted Living Home, LLC, is an Arizona limited liability company owned by Yolanda Apodaca. It is located at 1621 N. Silverbell Road, in Tucson, Arizona. Defendant Avra Valley Assisted Living Home is a residential health care institution that provides medical care, food, shelter, and supervision to sick and elderly individuals.

12. Defendant Papy McGuire Assisted Living Home, LLC, is an Arizona limited liability company owned by Yolanda Apodaca. It is located at 202 West Fort Lowell Road in Tucson, Arizona. Defendant Papy McGuire Assisted Living Home is a residential health care institution that provides medical care, food, shelter, and supervision to sick and elderly individuals.

**FACTUAL ALLEGATIONS**

13. Ms. Rios was employed by Defendants at two different locations: 1621 N. Silverbell Road and 202 West Fort Lowell Road in Tucson, Arizona, from in or about April 2016 until June 29, 2016.

14. During Ms. Rios's employment, she worked as a caregiver, cook, and housekeeper, at the direction of Defendant Ms. Apodaca.

15. Every aspect of Ms. Rios's employment was directed by Defendant Ms. Apodaca. She hired Ms. Rios, had the authority to fire her, set her schedule, directed the tasks she was to perform and the manner in which she performed them, set her wage, and handled the payroll.

16. During her employment by Defendants, Ms. Rios regularly worked more than 40 hours without receiving compensation at a rate of one and one half times her hourly wage for each hour over 40. Some, but not all the weeks that Ms. Rios worked more than 40 hours without receiving one and one half times her hourly wage were the weeks between June 3 and June 6, 2016; June 21 and June 25, 2016; and June 27 and June 30, 2016.

17. Between approximately June 3, 2016, and June 30, 2016, Ms. Rios worked her regular schedule of more than forty hours per week without receiving any wages at all.

18. Defendants did not maintain accurate records of Plaintiff's wages earned and hours worked.
19. Defendants willfully ignored the possibility that federal and state law required Ms. Rios to be paid overtime when she worked more than forty hours per week.
20. Defendants willfully ignored the possibility that federal and state law required Ms. Rios to be paid the minimum wage.
21. By willfully failing to timely pay all wages due, Defendants enjoyed ill-gained profits at the expense of Plaintiff.
22. At all relevant times hereto, Defendants Avra Valley Assisted Living Home, LLC and Papy McGuire Assisted Living Home, LLC have functioned as, and have been defined by, the Arizona Department of Health Services as residential health care institutions. Defendants provide elderly and sick residents with medical assistance, nursing care, around-the-clock safety monitoring and supervision, all of their meals, shelter, bathing assistance, feeding assistance, and laundry services. Defendants employ certified caregivers and nurses to work onsite, who provide medications and monitor the elderly and sick residents. Defendants are responsible around the clock for the safety and care of their elderly residents, who spend nearly all of their time at the facilities.
23. At all times relevant hereto, Defendants employed Plaintiff in an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and have had an annual gross volume of sales made or business done of not less than $500,000.
24. Defendants have been, at all times relevant hereto, a single enterprise with unified operation under the control of Defendant Ms. Apodaca for a common business purpose.

25. Defendants have been, at all times relevant hereto, Plaintiff's employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and A.R.S. § 23-362 and are jointly and severally liable to Plaintiff for violations of her rights under the FLSA and Arizona law.

# **FIRST CLAIM FOR RELIEF:**

**FAILURE TO PAY THE MINIMUM WAGE AND OVERTIME, AND FAILURE TO MAINTAIN RECORDS IN VIOLATION OF THE FLSA, 29 U.S.C. § 201** *et seq.*

1. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were fully set forth again herein.
2. Section 207 of the FLSA, 29 U.S.C. § 207, establishes the right of all persons who are "suffered or permitted to work" to have their employer pay the correct overtime rate for all hours worked in excess of forty hours in a workweek.
3. Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), establishes the right of employees to receive a wage that is not less than $7.25 per hour.
4. Section 211 of the FLSA, 29 U.S.C. § 211(c), requires employers to maintain records of the hours worked and wages earned by their employees.
5. Section 203 (s)(1)(B) establishes that FLSA's legal requirements apply to institutions "primarily engaged in the care of the sick [and] the aged."
6. Section 203(s)(1)(A)(ii) establishes that FLSA's legal requirements apply to institutions that have an annual gross volume of sales or business done of not less than $500,000.
7. During her entire employment, Ms. Rios regularly worked more than forty hours per week and Defendants did not pay her overtime wages in violation of 29 U.S.C. § 207(a)(1).

8. For several weeks in 2016, Ms. Rios performed work but received no wages at all in violation of 29 U.S.C. § 206(a)(1)(C).

9. Defendants did not maintain accurate records of Plaintiff's hours worked or wages earned, as required by 29 U.S.C. § 211(c).

10. Defendants acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA.

11. Because Defendants' violations of the FLSA demonstrated reckless disregard for the requirements of FLSA, their violations of the FLSA were willful.

12. Ms. Rios has been harmed as a result of Defendants' violations of the FLSA. She has suffered financial damage and emotional distress due to Defendants' refusal to pay her as required by the FLSA.

13. Based on the foregoing and pursuant to 29 U.S.C. § 216(b), Ms. Rios seeks unpaid wages at the required legal rate for all of her working hours during the relevant time period, liquidated damages, prejudgment interest, attorneys' fees and litigation costs, and all other costs and compensatory and punitive damages allowed by law.

**SECOND CLAIM FOR RELIEF:**

**FAILURE TO PAY THE MINIMUM WAGE, FAILURE TO POST NOTICES, AND FAILURE TO MAINTAIN RECORDS IN VIOLATION OF THE ARIZONA MINIMUM WAGE ACT, A.R.S. 23-362** *et seq.*

14. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

15. The Arizona Minimum Wage Act, A.R.S. §§ 23-363(A), (B), establishes the minimum wage that employers in Arizona must pay to their employees.
16. Section 364(D) of the Minimum Wage Act, A.R.S. § 23-364(D), requires employers to post notices informing employees of their rights under the Act.
17. Section 23-364(D) of the Minimum Wage Act, A.R.S. § 23-364(D) requires employers to maintain records of their employees' wages earned and hours worked for four years and establishes a rebuttable presumption that the employer did not pay the minimum wage if the employer fails to maintain such records. Section 23-364(D) further requires that the employer permit the employee or her representative to "inspect and copy" payroll records upon request.
18. Defendants paid Ms. Rios no wages at all for approximately three weeks in 2016, in violation of A.R.S. § 23-363.
19. Defendants failed to post the notices required by A.R.S. § 23-364(D).
20. Defendants failed to maintain records of Plaintiff's wages and hours, in violation of A.R.S. § 23-364(D) and (F).
21. Defendants were willful in that they demonstrated reckless disregard for the requirements of the Act.
22. Plaintiff has been harmed as a result of Defendants violations of the Act, including loss of earnings and emotional distress, all of which will be proven at trial.
23. Based on the foregoing and pursuant to A.R.S. § 23-364, Ms. Rios seeks unpaid wages at the required legal rate for all of her working hours during the relevant time period, plus an additional amount equal to twice the underpaid wages, prejudgment interest,

attorneys' fees and litigation costs, and all other costs, penalties and damages allowed by law.

## **PRAYER FOR RELIEF**

*WHEREFORE, Plaintiff respectfully requests that this Court:*

A. Award Ms. Rios damages for unpaid overtime wages plus liquidated damages in an equal amount, plus compensatory and punitive damages as provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an amount to be determined at trial;

B. Award Ms. Rios the full amount of wages owed in violation of Arizona's Minimum Wage Act plus an additional amount equal to twice the underpaid wages, as provided by A.R.S. § 23-364(G), and interest, in an amount to be determined at trial, and assess civil penalties pursuant to A.R.S. § 23-364(F);

C. Award attorneys' fees and costs to Ms. Rios for legal services provided by the Workers' Rights Clinic of the University of Arizona pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(G);

D. Grant such additional and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Tucson, AZ
February 6, 2017

                          Respectfully submitted,

                          BY: _____/s/_____
                               Nina Rabin
                               Attorney for Plaintiff